IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03352-PAB-CYC

JACOB C. LONG,

    Plaintiff,

v.

BLUE SHIELD OF CALIFORNIA,

    Defendant.

---

### ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Contending that the plaintiff's state-law claims are preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*. ("ERISA"), and, in the alternative, that the Court lacks jurisdiction over the state-law claims and that the plaintiff has not sufficiently pleaded those claims, defendant Blue Shield of California moves for dismissal. ECF No. 19. Because ERISA preempts the plaintiff's claims and because the Amended Complaint currently lacks sufficient information to evaluate it as an ERISA claim, the Court recommends that the claims be dismissed without prejudice.

### BACKGROUND

According to the Amended Complaint, whose factual allegations the Court accepts as true for this motion, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), plaintiff Jacob C. Long, who proceeds pro se, holds a health insurance policy with the defendant that provides medical-care coverage. ECF No. 13 at 7. The plaintiff received medical care, paid directly for treatment, and then submitted claims to the defendant relating to the care he received. *Id*. at 10–13. The

1

reimbursement checks for the claims were not timely received by the plaintiff. *Id*. at 12. The plaintiff did eventually receive reimbursement checks from the defendant for some of the claims, but others were never processed or paid out. *Id*. at 12–13. As a result, the plaintiff brings three claims against the defendant: breach of contract, breach of the implied covenant of good faith and fair dealing, and bad-faith denial of insurance claim. *Id*. at 13–17. Each of these is brought under California state law. *Id*.

The motion to dismiss followed, seeking dismissal of the claims pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

## ANALYSIS

The defendant argues both that ERISA preempts the plaintiff's claims and that the plaintiff fails to allege sufficiently that the Court has jurisdiction under 28 U.S.C. § 1332. *See generally* ECF No. 19. Because, as the defendant admits, ECF No. 31 at 5, a conclusion that ERISA preempts the claims moots the jurisdictional question, the Court begins and ends with preemption.

"A district court may" dismiss "under Federal Rule of Civil Procedure 12(b)(6) on the basis of an affirmative defense like preemption when the law compels that result." *Caplinger v. Medtronic, Inc.*, 784 F.3d 1335, 1341 (10th Cir. 2015); *see Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1201 (10th Cir. 2006) (affirming dismissal of claims that were preempted by ERISA). To survive such a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true and interpreted in the light most favorable to the non-moving party, to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Preemption, in turn, is derived from the Supremacy Clause of the Constitution, which provides that "the Laws of the United States . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const, art. VI, cl. 2. Under that clause, Congress has the "power to pre-empt state law." *Allis-Chambers Corp. v. Lueck*, 471 U.S. 202, 208 (1985). In such a situation, even where the complaint "raises only issues of state law, . . . a claim is based on federal law when a federal statute completely preempts the state law cause of action." *Flowers v. Life Ins. Co. of N. Am.*, 781 F. Supp. 2d 1127, 1130 (D. Colo. 2011) (citation omitted). "'ERISA is one of these statutes,' *i.e.*, one that wholly displaces a state-law cause of action through complete preemption." *Id*. (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004)). After all, "ERISA comprehensively regulates, among other things, employee welfare benefit plans that, 'through the purchase of insurance or otherwise,' provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death." *Pilot Life Ins. Co v. Dedeaux*, 481 U.S. 41, 44 (1987) (quoting 29 U.S.C. § 1002(1)).

ERISA does so through 29 U.S.C. § 1144(a), which provides that it "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" as described elsewhere in ERISA. There is no dispute that the plaintiff's claims are premised on such a plan. 29 U.S.C. § 1002(1); *see* ECF No. 13-1; ECF No. 22 at 4. And "ERISA . . . preempt[s] nearly all state claims relating to causes of action against covered health insurers." *Lind*, 466 F.3d at 1198. So it is here. Courts have held that the plaintiff's California law claims would be preempted. *Kanne v. Conn. Gen. Life Ins. Co*., 867 F.2d 489, 491, 493–94 (9th Cir. 1988) (en banc) (ERISA preempted claims for breach of contract and breach of the covenant of good faith and fair dealing arising under California common law, and for failure to pay claims

3

reasonably promptly under section 790.03(h)(2) of the California Insurance Code); *Massey v. Riverside Univ. Health Sys. – Med. Ctr.*, No. Edcv 20-1436 Jgb (Spx), 2020 WL 6135071, at *4–5 (C.D. Cal. Oct. 16, 2020) (granting motion to dismiss state law claims arising out of denial of insurance coverage). Courts in this district and circuit have likewise held that ERISA preempts similar claims under Colorado law to the extent it applies, *see* ECF No. 22 at 5. *See, e.g., Lind*, 466 F.3d at 1198–99 (common law negligence and breach of contract claims); *Kidneigh v. UNUM Life Ins. Co. of Am.*, 345 F.3d 1182, 1185 (10th Cir. 2003) ("Colorado bad faith claims are preempted by ERISA because they conflict with ERISA's remedial scheme."); *Flowers*, 781 F. Supp. 2d at 1132–33 (Colo. Rev. Stat. 10-3-1116(1) claim).

As a result, the plaintiff's state law claims are preempted by ERISA. ERISA includes exceptions for certain claims under state laws that regulate insurance, *see* 29 U.S.C. § 1144(b)(2)(A) & (b)(2)(B); *Pilot Life*, 481 U.S. at 45, but they do not apply here. Indeed, the plaintiff concedes that his claims fall under ERISA. ECF No. 22 at 4.

However, that does not end the analysis. ERISA was designed to create "a comprehensive statute for the regulation of employee benefit plans." *Davila*, 542 U.S. at 208 (quotation marks omitted). Under section 502(a) of ERISA, 29 U.S.C. § 1132(a), a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" *Id*. § 1132(a)(1)(B). "[T]he detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans." *Pilot Life Ins. Co*., 481 U.S. at 54. And this is the

procedure that the plaintiff must follow if he wishes to pursue claims against the defendant premised on a failure by the defendant to fulfill its obligations under the benefit plan.

He has not yet had the opportunity show that he has tried to do so. To penalize him, then, by dismissing the claims with prejudice as the defendant suggests, ECF No. 19 at 12, would undermine the purposes of ERISA. This is especially true given that the Court must liberally construe the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520–521 (1972). Although the Court cannot be the pro se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)), dismissing his claims with prejudice for failure to invoke the right statute is out of line with the call to construe his filings liberally. Instead, "the proper course would be for the court to recharacterize them, to the extent possible, as arising under ERISA, rather than dismissing them outright." *Yishak v. Old Republic Ins. Co.*, No. 19-cv-03029-REB-NYW, 2020 WL 6870608, at *3 (D. Colo. Oct. 6, 2020); *accord Goodwin v. Nat'l Elec. Annuity Plan*, No. 20-cv-01044-WJM-STV, 2021 WL 4555988, at *4 (D. Colo. Aug. 26, 2021) (construing claims as brought under ERISA), *recommendation adopted in part and modified in part on other grounds*, 2021 WL 4472918 (D. Colo. Sept. 30, 2021).

The issue with recharacterizing the plaintiff's claims as currently pled, though, is that the plaintiff did not attempt to compose his complaint to conform with the requirements of ERISA. In turn, the defendant has not had the opportunity to assert defenses and attack properly-framed ERISA claims. For example, ERISA requires a plaintiff to exhaust his administrative remedies before seeking relief in federal court. *See Lewis v. U.F.C.W. Dist. Union Local Two & Emps. Pension Fund*, 273 F. App'x 765, 767 (10th Cir. 2008). This requirement "derives from the

exhaustion doctrine permeating all judicial review of administrative agency action, and aligns with ERISA's overall structure of placing primary responsibility for claim resolution on fund trustees." *Id*. at 767–68 (quotation marks omitted). Any other procedure would permit "premature judicial interference" and "would impede those internal processes which result in a completed record of decision making for a court to review." *Id*. at 768 (quotation marks omitted). "The doctrine is necessary to keep from turning every ERISA action, literally, into a federal case." *Whitehead v. Okla. Gas & Elec. Co*., 187 F.3d 1184, 1190 (10th Cir. 1999) (quotation marks omitted). While exhaustion is an affirmative defense that may not need to be pled in the first instance, *Sellers v. Humana Life Ins. Co*., 760 F.Supp.3d 1280 1287 (D.N.M. 2024), to attempt to consider the current version of the complaint within the framework of ERISA without allowing the parties the benefit of amendment of the claims would not serve the interest of justice. The plaintiff has not attempted to allege sufficient facts for the Court to properly analyze his claims within the framework of ERISA — such as those having to do with exhaustion. *Cf. id.* at 1289 ("The absence of evidence here cannot be taken as evidence of absence . . . ."). For its part, the defendant has provided no analysis of the plaintiff's claims under ERISA. Thus, instead of dismissing with prejudice or attempting an ERISA analysis without proper briefing, the prudent course here is to grant the plaintiff leave to amend his claims to allege them under ERISA. As a result, the Court recommends that the dismissal be without prejudice to allow the plaintiff to amend his complaint to pursue any claims that are allowed under ERISA.

      Having concluded that the plaintiff's claims should be dismissed because they are preempted by ERISA, the Court need not address the other arguments raised by the defendant in its motion to dismiss.

Finally, the plaintiff filed a Motion For Leave to File Surreply, ECF No. 33, asking for permission to file a surreply in further opposition to the motion to dismiss and a surreply in opposition to Defendant Blue Shield of California's Motion to Strike Punitive Damages and Attorneys' Fee Request Pursuant to Fed. R. Civ. P. 12(f), ECF No. 20. A surreply is generally only permitted when a party includes new material for the first time in a reply brief. *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). "If the district court does not rely on the new material in reaching its decision, however, it does not abuse its discretion by precluding a surreply." *Id*. (quotation marks omitted). Here, the plaintiff identifies no new material included in the reply brief that would necessitate a surreply. Merely responding to arguments and pointing out defects in those arguments in a reply does not constitute new material. *Id*. at 1196–97. While the defendant does raise arguments in the reply relating to technical and stylistic issues with the response brief, those arguments are not relevant to the analysis here. In addition, the proposed surreply to the motion to strike does not respond to new material. *Compare, e.g.*, ECF No. 33-2 ¶ 9–10 (responding to argument lack of legal basis for attorney's fees request) *with* ECF No. 20 at 6 ("Because Plaintiff has no legal or factual basis for seeking attorney fees, Plaintiff's request should be stricken from the complaint."). For these reasons, the Court denies the plaintiff's Motion For Leave to File Surreply, ECF No. 33.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** granting Defendant Blue Shield of California's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), ECF No. 19, because the state law claims are preempted by ERISA and dismissing the

7

plaintiff's claims without prejudice.[1] *Cox v. Lincoln Nat'l Life Ins. Co.*, No. 10-cv-02544-CMA-MEH, 2011 WL 1398811, at *3 (D. Colo. Apr. 13, 2011).

Given the above recommendation, it is hereby ORDERED that Defendant Blue Shield of California's Motion to Strike Punitive Damages and Attorneys' Fee Request Pursuant to Fed. R. Civ. P. 12(f), ECF No. 20, is **DENIED without prejudice**.

It is further ORDERED that plaintiff's Motion For Leave to File Surreply, ECF No. 33, is **DENIED**.

Respectfully submitted this 14th day of May, 2025, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge

---

[1] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). <u>Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.</u>