IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 24-cv-03352-PAB-CYC

JACOB C. LONG,

     Plaintiff,

v.

BLUE SHIELD OF CALIFORNIA,

     Defendant.

---

**ORDER**

---

This matter comes before the Court on the Motion to Reopen Case and for Leave to File Amended Complaint [Docket No. 42]. Defendant filed a response, Docket No. 45, and plaintiff filed a reply. Docket No. 48.

## I. BACKGROUND[1]

Plaintiff Jacob C. Long filed this action on December 3, 2024.[2] Docket No. 1. Mr. Long brought three claims under California state law against defendant Blue Shield of California, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and bad faith denial of insurance benefits. Docket No. 13 at 13-16, ¶¶ 45-69. On February 19, 2025, defendant filed a motion to dismiss. Docket No. 19. On May 14, 2025, Magistrate Judge Cyrus Y. Chung issued a recommendation to grant the motion to dismiss and dismiss plaintiff's claims without prejudice. Docket No. 38.

---

[1] The following facts are undisputed unless otherwise noted.

[2] Because plaintiff is proceeding pro se, the Court construes his filing liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Judge Chung found that plaintiff's state law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").  *Id.* at 4.  Judge Chung noted that, given plaintiff's pro se status, the Court should, if possible, recharacterize plaintiff's claims as arising under ERISA.  *Id.* at 5.  Judge Chung, however, found that plaintiff's claims could not be properly recharacterized as arising under ERISA in this case.  *Id.* at 5-6.  Thus, Judge Chung instead determined that "the prudent course here is to grant plaintiff leave to amend his claims to allege them under ERISA."  *Id.* at 6.  Accordingly, Judge Chung recommended dismissing plaintiff's claims without prejudice.  *Id.*  Plaintiff did not file an objection to the recommendation.  Thus, on May 30, 2025, the Court determined there was no clear error on the face of the record and accepted Judge Chung's recommendation.  Docket No. 40.  On June 2, 2025, final judgment was entered.  Docket No. 41.

On November 10, 2025, plaintiff filed a motion to reopen the case under Federal Rule of Civil Procedure 60(b) and to file an amended complaint under Federal Rule of Civil Procedure 15(a)(2).  Docket No. 42.  Plaintiff seeks to reopen his case in order to file an amended complaint which brings claims under ERISA.  *Id.* at 1.  On December 8, 2025, defendant filed a response, arguing that plaintiff has not met the standard of Rule 60(b) and that plaintiff's claims under his proposed amended complaint are futile. Docket No. 45.  On January 11, 2026, plaintiff filed a reply.  Docket No. 48.

## II.  ANALYSIS

"Once a motion to dismiss has been granted and judgment has been entered, the proper way to request leave to amend is to 'reopen the case pursuant to a motion under Rule 59(e) or Rule 60(b) and then file a motion under Rule 15.'"  *Yellow Corp. v. Int'l Bhd. of Teamsters*, 2025 WL 3089412, at *4 (10th Cir. Nov. 5, 2025) (quoting *Glenn v.*

*First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989)).  Plaintiff seeks to reopen his case under Rules 60(b)(1) and 60(b)(6).  Docket No. 42 at 1-2.

Under Rule 60(b), the Court may relieve a party from a final judgment for a variety of enumerated reasons.  Fed. R. Civ. P. 60(b).  Rule 60(b) relief is "extraordinary and may only be granted in exceptional circumstances."  *The Servants of the Paraclete v. John Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).  Under Rule 60(b)(1), relief may be granted for "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  In his motion, plaintiff does not specify the theory under which he is entitled to relief under Rule 60(b)(1).  *See generally* Docket No. 42.  In his reply, however, plaintiff states that he seeks relief due to a "mistake."  Docket No. 48 at 2.  Plaintiff does not identify the mistake at issue, but notes that he seeks to reopen his case in order to conform his pleading to the Court's finding that his state law claims were preempted by ERISA.  *Id.*  Thus, the Court construes the mistake as plaintiff's mistake of not bringing his claims under ERISA.[3]

---

[3] It is possible that the mistake plaintiff made was not filing a motion to amend either before final judgment was entered or within 28 days of final judgment being entered.  In either case, the standard for granting such a motion would be governed by Rule 15(a)(2).  *See Yellow Corp.*, 2025 WL 3089412, at *5.  But plaintiff does not assert that his failure to timely file a motion to amend was a mistake in either his motion or his reply.  *See generally* Docket Nos. 42, 48.  In fact, in his reply, plaintiff states just the opposite: that there was no set deadline to amend his complaint.  Docket No. 48 at 2.  Plaintiff is correct that no deadline was explicitly set, and that the recommendation stated that it would be prudent to grant plaintiff leave to amend.  *See* Docket No. 38 at 6.  However, Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."  Fed. R. Civ. P. 59(e).  Plaintiff's failure to file a motion to amend the judgment within 28 days means his motion is governed by Rule 60(b).  "Misinterpretation or misunderstanding of the Federal Rules of Civil Procedure . . . does not constitute excusable neglect or mistake under Rule 60(b)."  *West v. N.M. Tax'n & Revenue Dep't*, 2011 WL 5223010, at *6 (D.N.M. Sept. 30, 2011) (citation omitted).

"Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order."  *Yapp v. Excel Corp*, 186 F.3d 1222, 1231 (10th Cir. 1999).  "[R]elief under Rule 60(b)(1) is not appropriate when the mistake was the result of a deliberate and counseled decision by the party."  *Sweet v. Corp. of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints*, 831 F. App'x 874, 880 (10th Cir. 2020) (unpublished) (citation and internal quotations omitted).  Rather, a "'mistake,' as referred to by Rule 60(b)(1), refers to an error 'that a party *could not have protected against*,'" *Hernandez v. Pueblo Cnty., DHS*, No. 19-cv-01533-MDB, 2022 WL 4467239, at *2 (D. Colo. Sept. 26, 2022) (quoting *Yapp*, 186 F.3d at 1231), such as counsel acting without authority.  "A party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes."  *Id.* (alteration and citation omitted).

Here, plaintiff made the deliberate decision not to bring his claims under ERISA. Moreover, when defendant moved to dismiss plaintiff's claims as being preempted by ERISA, plaintiff made the deliberate decision not to amend his complaint at that time. Plaintiff could have protected against this error by bringing his claims under ERISA in the first place, or by amending his complaint to bring claims under ERISA after defendant pointed out the preemption problem in its motion to dismiss.  Plaintiff's failure to predict the legal consequence of his decision to bring preempted claims does not warrant relief under Rule 60(b)(1).

Plaintiff also seeks relief under Rule 60(b)(6).  Docket No. 42 at 2.  Sometimes referred to as a "catch-all provision," *see United States v. Headley*, 2023 WL 6240090, at *3 (10th Cir. Sept. 26, 2023), Rule 60(b)(6) provides that a final judgment, order, or proceeding can be amended or withdrawn for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).  The Tenth Circuit has interpreted Rule 60(b)(6)'s scope narrowly, noting that "a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice."  *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996).  Further, relief under Rule 60(b)(6) "is even more difficult to attain" than under other Rule 60(b) provisions and "is appropriate only when it offends justice to deny such relief."  *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) (internal quotation marks and citation omitted); *see also Garcia v. Berkshire Life Ins. Co. of Am.*, No. 04-cv-01619-LTB-BNB, 2008 WL 5104813, at *6 (D. Colo. Dec. 3, 2008).

Notably, the Supreme Court has recently held that "[t]he Rule 60(b)(6) standard does not change when a party seeks to reopen his case to amend his complaint.  In that circumstance, satisfaction of Rule 60(b)(6) necessarily precedes any application of Rule 15(a)."  *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213 (2025).  This procedural posture differs from when a plaintiff moves to reopen his or her case under Federal Rule of Civil Procedure 59(e) in order to amend a complaint.  In that case, while the party must still file a motion to reopen under Rule 59(e) as a procedural mechanism, "the standard for granting the motion to set by Rule 15(a)(2)."[4]  *Yellow Corp.*, 2025 WL

---

[4] This rule only applies in situations "where a district court enters judgment at the same time it first dismisses a case."  *Yellow Corp.*, 2025 WL 3089412, at *5 (citation omitted).

3089412, at *5.  Under Rule 15, "leave [to amend] shall be freely given when justice so requires."  *Id.*, at *4 (citation omitted).  The reason why the standard is more lenient under Rule 59(e) than Rule 60(b)(6) is because a motion under Rule 59(e) must be filed within 28 days of the entry of final judgment, and therefore "does not threaten the finality of judgments to the same degree that Rule 60(b)(6) does."  *Id.* (alteration omitted) (quoting *Honickman*, 605 U.S. at 213).

In this case, Judge Chung's May 14, 2025 recommendation stated that plaintiff should be granted "leave to amend his claims to allege them under ERISA."  Docket No. 38 at 6.  Plaintiff is attempting to do so here, albeit almost six months after Judge Chung issued his recommendation.  Thus, on the one hand, allowing plaintiff to reopen his case to amend the complaint would promote justice by allowing plaintiff to pursue his claims on the merits, as contemplated by the recommendation.  On the other hand, as explained above, a district court may only grant a Rule 60(b)(6) motion in extraordinary circumstances and only when it offends justice to deny such relief.  The Court finds there is nothing extraordinary about plaintiff's desire to amend his complaint after it was dismissed without prejudice.  Moreover, denying relief does not offend justice, as plaintiff could have moved to alter the judgment under Rule 59(e), where he would have faced a much more lenient standard.  Plaintiff states that he "has been working diligently to revise the complaint despite starting a new job, and partially caretaking for and eventually moving grandparents who are experiencing significant health issues."  Docket No. 42 at 2.  But plaintiff does not explain how those circumstances interfered with his ability to move to reopen the case within 28 days after the entry of judgment or why they would be considered extraordinary.  Moreover, because his case was

dismissed without prejudice, plaintiff can refile his claims against defendant in a separate action, further showing how it would not offend justice to deny Rule 60(b)(6) relief.  Accordingly, the Court will deny the motion.[5]

## III.  CONCLUSION

Therefore, it is

**ORDERED** that the Motion to Reopen Case and for Leave to File Amended Complaint [Docket No. 42] is **DENIED**.

DATED June 16, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

---

[5] Because the Court will deny the motion to reopen the case, it need not consider whether plaintiff's proposed amendments to the complaint would be futile.